Tagged for Publication



**ORDERED in the Southern District of Florida on August 24, 2012.**

John K. Olson, Judge
United States Bankruptcy Court

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Case No.: 11-19804-JKO |
| | Chapter 7 |
| FELIX DIQUEZ, & | |
| MARSHA PAOLA DIQUEZ, | |
| | |
| Debtors. | |
| _____/ | |
| MARSHA PAOLA DIQUEZ, | |
| | |
| Plaintiff | |
| | |
| v. | |
| | Adv. Pro. No.: 11-02748-JKO |
| PAUL R. WATERS, KYLE CHRISTOPHER, | |
| DEPARTMENT OF BUSINESS AND PROFESSIONAL | |
| REGULATION OF THE STATE OF FLORIDA, AND | |
| CONSTURCTION INDUSTRY LICENSING BOARD OF | |
| THE STATE OF FLORIDA | |
| | |
| Defendants. | |
| _____/ | |

**AMENDED ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**
**[ECF NO. 51]**
(AMENDED TO CORRECT TYPOGRAPHICAL ERRORS ONLY)

**This Matter** came before the Court on April 17, 2012 upon the Motion to Dismiss by Defendants, Paul R. Waters, Kyle Christopher, Department of Business and Professional Regulation of the State of Florida, and Construction Industry Licensing Board of the State of Florida. On June 11, 2012, Marsha Paola Diquez (the "Debtor") filed a Memorandum of Law in Opposition to the Motion to Dismiss (the "Response"). A hearing was held on June 13, 2012. Having carefully reviewed the pleadings, and having heard the arguments of counsel at the Hearing, the Court hereby **GRANTS** the Defendants' Motion to Dismiss.

**I. Debtor's Claims are barred by the Eleventh Amendment**

The Eleventh Amendment to the United States Constitution immunizes a State from suit in the federal courts by a non-resident of that State. *See* U.S. Const. amend. XI. Further, the Supreme Court has interpreted the Eleventh Amendment to immunize States from suits by any individual, including a resident of that State. *Hans v. Louisiana,* 134 U.S. 1, 10 (1890). The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI.

The Eleventh Amendment "shields states from being sued in federal court without their consent, leaving parties with claims against a State to bring them, if the State permits, in the State's own tribunals." *Shands Teaching Hosp. and Clinics, Inc. v. Beech Street Corp.*, 208 F.3d 1308, 1310 (11th Cir. 2000). Eleventh Amendment immunity includes not only the state but also agencies of the state. Eleventh Amendment immunity may extend to defendants other than the State based upon: (1) how state law defines the entity; (2) what degree of control the State maintains over the entity; and (3) from where the entity derives its funds and who is responsible for judgments against the entity. *See Stewart v. Baldwin County Board of Education,* 908 F.2d 1499, 1509 (11th Cir.1990); *Tuveson v. Florida Governor's Council on Indian Affairs, Inc.,* 734 F.2d 730, 732 (11th Cir.1984).

This Court joins those courts in finding that 11 U.S.C. § 106 does not abrogate States' immunity under the Eleventh Amendment unless that immunity has been waived by the state. In *Seminole Tribe of Florida v. Florida*, the Supreme Court held that "[t]he Eleventh Amendment restricts the judicial power under Article III, and Article I cannot be used to circumvent the constitutional limitations placed upon federal jurisdiction." *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 72–73 (1996). Congress' bankruptcy powers under Article I, § 8 power does not allow Congress to infringe on a state's Eleventh Amendment rights.

*See id.* Pursuant to *Seminole*, States are entitled to Eleventh Amendment immunity in bankruptcy proceedings.

This Court finds that both the Department of Business and Professional Regulation of the State of Florida and Construction Industry Licensing Board of the State of Florida are arms of the state. The Florida legislature created both agencies by statute, to regulate businesses and professionals within Florida. *See* Fla. Stat. § 20.165 (2012); Fla. Stat. § 489.107 (2012). The Debtor's suit seeks to recover damages for violation of the automatic stay by the agencies. If this Court entered a judgment in favor of the Debtor, it would effectively be entering a judgment against the State of Florida. The Court finds no indication that the State or either agency has waived the State's Eleventh Amendment immunity. Therefore, the Eleventh Amendment precludes this Court from exercising judicial power over the Department of Business and Professional Regulation State of Florida and Construction Industry Licensing Board of the State of Florida.

## II. Prosecutorial Immunity

The Debtor asserts that Defendants, Paul R. Waters and Kyle Christopher are not entitled to absolute prosecutorial immunity. A state prosecutor who acts within the scope of his duties in initiating and pursuing a criminal prosecution has absolute immunity from a civil suit for damages. *Imbler v. Pachtman,* 424 U.S. 409 (1976). The Supreme Court has extended the prosecutorial absolute immunity

to "agency officials performing certain functions analogous to those of a prosecutor should be able to claim absolute immunity with respect to such acts." *Butz v. Economou*, 438 U.S. 478, 515 (1978).

Here, the Defendants contend that they are entitled to prosecutorial immunity. This Court agrees. Florida Statute § 455.225(4) (2012) describes the Defendants' prosecutorial role at the Department of Business and Professional Regulation State of Florida. The Debtor has not set forth any facts showing the Defendants were performing a function outside of their official role. The Plaintiff alleges the individual defendants willfully violated the automatic stay by entering a Final Order. This Court recognizes that the Final Order against the Debtor was entered after the petition date; however, the decision to move forward with proceedings against the Debtor was within the discretion of the Defendants. *See id.* This Court finds that both Defendants were performing their duties mandated by Florida statute. *See* Fla. Stat. § 455.225(4)(2012). Thus, Defendants Paul Waters and Kyle Christopher are protected by absolute prosecutorial immunity and are not liable for damages resulting from the alleged violation of the automatic stay.

It is accordingly ORDERED that the Defendants' Motion to Dismiss is granted. The Debtor's Amended Complaint is dismissed with prejudice.

# # #

*Copies to movant, who shall file a certificate of service.*